WILLIAM R. TAMAYO, REGIONAL ATTORNEY
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN FRANCISCO DISTRICT OFFICE
350 EMBARCADERO, SUITE 500
SAN FRANCISCO, CA 94105-1260

TERI HEALY, SENIOR TRIAL ATTORNEY
JOHN F. STANLEY, SUPERVISORY TRIAL ATTORNEY
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WA 98104
TEL: (206) 220-6916
FAX: (206) 220-6911
teri.healy@eeoc.gov

ATTORNEYS FOR PLAINTIFF

FILED 20 SEP '11 9:11 USDC-ORP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PIONEER NURSING HOME HEALTH DISTRICT d/b/a PIONEER PLACE ASSISTED LIVING<br><br>Defendant. | CV '11-1130 SU<br><br>CIVIL ACTION NO. ____<br><br>COMPLAINT<br><br>AMERICANS WITH DISABILITIES ACT ACTION (42 U.S.C. § 12117(a))<br><br>JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et. seq.*, ("ADA") to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Pamila

EEOC v. Pioneer Nursing Home Health District
Complaint - 1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Bourasa, who was adversely affected by such practices. The Equal Employment Opportunity Commission alleges that Pioneer Nursing Home Health District d/b/a/ Pioneer Place Assisted Living ("Defendant") discriminated against Ms. Bourasa, a qualified individual with a disability, when it failed to hire Ms. Bourasa for a cook position.

## JURISDICTION AND VENUE

1.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporate by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a

2.	The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Oregon.

## PARTIES

3.	Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. 2000e-5(f)(1).

4.	At all relevant times, Defendant has continuously been doing business in the State of Oregon and has continuously had at least 15 employees.

5.	At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and

EEOC v. Pioneer Nursing Home Health District
Complaint - 2

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Pamila Bourasa filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least August 2008, Defendant has engaged in unlawful employment practices, in violation of Sections 102(a) and 102(b)(6) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(6). The Defendant discriminated against Pamila Bourasa, a qualified individual with a disability, when it refused to hire her because of her disability, in violation of Section 102(a) and 102(b)(6) of the ADA.

9. On or about December 30, 2009, Pamila Bourasa applied for a cook position and was interviewed by Defendant. Defendant told Ms. Bourasa that she would work out great, gave her an employment start date and asked her to take a pre-employment drug screen. Ms. Bourasa disclosed to Defendant that she had a physical impairment, epilepsy, for which she was taking drugs that would cause the drug screen to come back positive. Pamila Bourasa's physical impairment substantially limits her in at least one major life activity and is listed as a presumptive disability under the ADA Amendments Act implementing regulations, 29 C.F.R. § 1630.2(j)(3)(iii). Upon receiving the results of Ms. Bourasa's drug test, approximately January 7, 2010, Defendant indicated that it would not hire Ms. Bourasa for any position.

10. Defendant refused to hire Pamila Bourasa on or about January 7, 2010 also because it regarded Ms. Bourasa as disabled.

EEOC v. Pioneer Nursing Home Health District
Complaint - 3

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

11. The effect of the practices complained of in paragraph 8-10 above has been to deprive Ms. Bourasa of equal employment opportunities and otherwise adversely affect her status as an employee.

12. The unlawful employment practices complained of in paragraph 8-10 above were and are intentional.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, successors, assigns, and all persons in active concert or participation with it, from unlawfully failing to provide equal employment opportunities to applicants for employment and employees with disabilities and to accommodate applicants' and employees' disabilities, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Pamila Bourasa by providing appropriate back and front pay with interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Pamila Bourasa by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-10 above, including past and future out-of-pocket losses, in amounts to be determined at trial.

E. Order Defendant to make whole Pamila Bourasa by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 8-10 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

EEOC v. Pioneer Nursing Home Health District
Complaint - 4

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

F.  Order Defendant to pay Pamila Bourasa punitive damages for its malicious and reckless conduct, as described in paragraphs 8-10 above in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 19th day of September, 2011.

| | |
|---|---|
| WILLIAM R. TAMAYO<br>Regional Attorney | P. DAVID LOPEZ<br>General Counsel |
| JOHN F. STANLEY<br>Supervisory Trial Attorney | JAMES L. LEE<br>Deputy General Counsel |
| TERI HEALY<br>Senior Trial Attorney | GWENDOLYN Y. REAMS<br>Associate General Counsel |
| BY: /s/<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>909 First Avenue, Suite 400<br>Seattle, WA 98104-1061<br>Telephone (206) 220-6916<br>Facsimile (206) 220-6911 | Office of the General Counsel<br>131 M Street, N.E.<br>Washington, D.C. 20507 |

Attorneys for Plaintiff

EEOC v. Pioneer Nursing Home Health District
Complaint - 5

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882