UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PIONEER NURSING HOME HEALTH DISTRICT d/b/a PIONEER PLACE ASSISTED LIVING,<br><br>Defendant**.** | CIVIL ACTION NO. 11-1130-SU<br><br>[PROPOSED] CONSENT DECREE |

I. INTRODUCTION

1. This action originated when Pamela Bourasa ("Charging Party") filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC" or "Commission"). Ms. Bourasa alleged that Pioneer Nursing Home Health District d/b/a Pioneer Place Assisted Living ("Pioneer" or "Defendant's " or "the Company") discriminated against her based on her disability, in violation of Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 ("ADA") when Defendant's failed to hire her because of her disability.

**EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION**
**Seattle Field Office**
**909 First Avenue, Suite 400**
**Seattle, Washington 98104-1061**
**Telephone: (206) 220-6883**
**Facsimile: (206) 220-6911**
**TDD: (206) 220-6882**

2. On March 21, 2011, the EEOC issued a Letter of Determination on behalf of Ms. Bourasa with a finding of reasonable cause to believe that Pioneer violated the ADA. Thereafter, EEOC attempted to conciliate the charge and conciliation was unsuccessful.

3. The Commission filed this lawsuit on September 20, 2011, in the United States District Court for the District of Oregon alleging that Pioneer discriminated against Ms. Bourasa a qualified individual with a disability, when it failed to hire her because of her disability.

4. The parties want to conclude fully and finally all claims arising out of the EEOC's Complaint and Ms. Bourasa's charge of discrimination filed with EEOC. The EEOC and Pioneer enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in the ADA.

## II. NON-ADMISSION OF LIABILITY AND NON-DETERMINATION BY THE COURT

5. This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission by Pioneer of a violation of the ADA.

## III. SETTLEMENT SCOPE

6. This Consent Decree is the final resolution of all allegations of unlawful employment practices contained in Ms. Bourasa's discrimination charge, in the EEOC's administrative determination, and in the EEOC Complaint filed herein, including all claims by the parties for attorney fees and costs.

7. Defendant's s will not condition the receipt of monetary relief on Ms. Bourasa's agreement to maintain as confidential the facts and/or allegations underlying her charge and the complaint and the terms of this Decree or refrain from reapplying for a job with Defendant.

## IV. MONETARY RELIEF

8. In settlement of this lawsuit, Pioneer agrees to pay to Ms. Bourasa the amount of $80,000 less standard withholdings and deductions, within 14 business days after entry of this Consent Decree.

**EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION**
**Seattle Field Office**
**909 First Avenue, Suite 400**
**Seattle, Washington 98104-1061**
**Telephone: (206) 220-6883**
**Facsimile: (206) 220-6911**
**TDD: (206) 220-6882**

## V. INJUNCTIVE AND OTHER RELIEF

A. General Provisions

9. Pioneer, its officers, agents, managers, assistant managers and other supervisors and all human resource professionals who provide advice and assistance to the foregoing individuals are enjoined from engaging in practices which unlawfully discriminate against applicants and/or employees on the basis of disability or in retaliation for engaging in protected activity. In recognition of its obligations under the ADA, Pioneer shall institute the policies and practices set forth below.

B. Anti-Discrimination Policies and Procedures

10. Defendant's shall carry out anti-discrimination policies, procedures and training for management personnel, supervisors and employees.

11. From the date of entry of this decree and for its duration, Pioneer will agree to have an anti-discrimination policy that prohibits discrimination and explains to employees their rights and responsibilities under EEO laws. Pioneer also agrees to have policies that describe procedures for requesting and granting requests for accommodation and appropriate record keeping under EEO laws and policies that regarding disability laws as they relate to interviewing and hiring. Not later than sixty (60) days after entry of this Consent Decree, Pioneer shall distribute a written copy of its EEO policies to all its employees, both management and non-management. This policy will also be distributed to every employee hired or re-hired during the duration of this decree.

C. Equal Employment Opportunity Training

12. Defendants shall provide an annual, two-hour EEO training seminar to all of its employees company-wide. Defendant shall provide annual two and one half hours of training to its managers and supervisors. This anti-discrimination training shall include, at a minimum, a discussion of federal law prohibiting employment discrimination and retaliation, including the ADA and a review of Pioneer's EEO policies and policies regarding requests for

**EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION**
**Seattle Field Office**
**909 First Avenue, Suite 400**
**Seattle, Washington 98104-1061**
**Telephone: (206) 220-6883**
**Facsimile: (206) 220-6911**
**TDD: (206) 220-6882**

accommodation, record keeping and the ADA as it relates to hiring. The training shall be aimed at helping attendees understand how to define and identify employment discrimination, identify acceptable avenues of complaint, and the appropriate ways to discuss, request, and respond to requests for reasonable accommodations and must cover disability discrimination issues that may arise during interviews and hiring. Training materials must be submitted to the EEOC ahead of the training session.

13. Not later than ninety (90) days after entry of this Consent Decree, Pioneer shall provide the EEO training noted in Paragraph 11.

14. For the duration of this Consent Decree, Pioneer shall notify the EEOC of the completion of the training seminars and shall specify the names and job titles of the managers, supervisors and employees who participated in and completed the training. This information shall be provided as part of the annual report Pioneer submits to the EEOC.

D. Non-Disclosure of Information

15. Pioneer shall not disclose any information or make reference to any charge of discrimination or this lawsuit in responding to requests for information about Ms. Bourasa, except Pioneer may disclose such information to its attorneys, accountants, and tax advisors, or similar professionals or as otherwise required by law (such as a subpoena or court order, etc.)

E. Policies Designed to Promote Accountability

16. Pioneer shall specifically advise all managers and supervisors at all of its facilities of their duty to ensure compliance with its EEO policies. Pioneer agrees that it shall impose discipline, up to and including termination of employment, upon any supervisor or manager who Pioneer determines discriminates against any applicant and/or employee on the basis of disability, or who Pioneer determines retaliates against any person who complains about or participates in any investigation or proceeding concerning any allegation of discrimination. Pioneer shall appropriately discipline any such manager or supervisor who it determines retaliates against any employee for reporting or relaying any incident of discrimination or

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

retaliation under Pioneer's EEO policy, or for participating in or conducting an investigation of such an incident.

17. In conducting performance reviews, the Company shall hold managers and supervisors accountable for EEO enforcement and compliance if necessary.

F. Reporting

18. Pioneer shall agree to report to the EEOC for a period of three (3) years. The reports shall be in writing and submitted on a semi-annual basis during the three-year reporting period. The reporting period will run from the date of the entry of this Consent Decree.

19. These annual reports shall contain the following information and attachments:

a. Certification that Pioneer has:

1. Continued to maintain its written EEO policies and procedures and distributed copies of its EEO policy as described in Paragraph 11;

2. Complied with the training provisions enumerated in this Consent Decree, as provided in Paragraphs 12-14 and provide a list of all attendees, with job titles, for each training completed; and

3. Continued to promote policies and procedures to promote EEO accountability by managers and supervisors, as required by Paragraph 16-17.;

4. Complied with all other provisions of this Consent Decree.

b. Copies of the following documents shall be included with each annual report submitted to the Seattle office of the EEOC:

1. A copy of the Company's EEO policy and procedures maintained in accordance with the provisions of this Consent Decree;

2. A copy of its current EEO policy and a list of any changes, modifications or revisions to its EEO policies and procedures, if any, which concern or affect the subject of discrimination or retaliation

3. A summary of internal formal or informal disability discrimination or disability retaliation complaints, if any, filed by employees or applicants, identified by name, the actions taken by the company and the resolution of each such complaint;

**EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION**
**Seattle Field Office**
**909 First Avenue, Suite 400**
**Seattle, Washington 98104-1061**
**Telephone: (206) 220-6883**
**Facsimile: (206) 220-6911**
**TDD: (206) 220-6882**

      4. A sign-in sheet or list of the names and job titles of the Pioneer managers, supervisors and employees who completed EEO training and the dates the training was conducted during the reporting period.

20. If applicable, Pioneer shall submit a statement with its report to the EEOC specifying the areas of noncompliance, the reason for the noncompliance, and the steps that shall be taken to bring Pioneer into compliance.

G. Posting

21. Pioneer shall post a Notice to All Employees. This Notice is attached as Exhibit 1 to this Consent Decree. The Notice shall be conspicuously posted on bulletin board at all Pioneer facilities for the duration of the Consent Decree.

## VI. ENFORCEMENT

22. If the EEOC determines that Pioneer has not complied with the terms of this Consent Decree, the EEOC shall provide written notification of the alleged breach to Pioneer. The EEOC shall not petition the Court for enforcement of this Consent Decree for at least thirty (30) days after providing written notification of the alleged breach. The 30-day period following the written notice shall be used by the EEOC and Pioneer for good faith efforts to resolve the dispute.

## VII. RETENTION OF JURISDICTION

23. The United States District Court for the District of Oregon shall retain jurisdiction over this matter for the duration of this Consent Decree.

## VIII. DURATION AND TERMINATION

24. This Consent Decree shall be in effect for three (3) years from the date of entry of the Decree. If the EEOC petitions the Court for breach of this Consent Decree, and the Court finds Pioneer to be in violation of the terms of the Consent Decree, the Court may extend the duration of this Consent Decree.

Dated this 17th day of May, 2012.

**EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION**
**Seattle Field Office**
**909 First Avenue, Suite 400**
**Seattle, Washington 98104-1061**
**Telephone: (206) 220-6883**
**Facsimile: (206) 220-6911**
**TDD: (206) 220-6882**

WILLIAM R. TAMAYO
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
SAN FRANCISCO DISTRICT OFFICE
350 The Embarcadero, Suite 500
San Francisco, California 94105-1260

P. DAVID LOPEZ
Deputy General Counsel
JAMES E. Lee
Deputy General Counsel
GWENDOLYN YOUNG REAMS
Associate General Counsel

JOHN F. STANLEY
Supervisory Trial Attorney

TERI HEALY
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Office of the General Counsel
131 M Street, N.E., 5th Floor
Washington, D.C. 20507

BY:*s/Teri Healy* ________________

Attorneys for Plaintiff
Equal Employment Opportunity Commission

BY: *s/Richard R. Meneghello*________________________

Richard R. Meneghello, OSB #96361
FISHER & PHILLIPS, LLP
111 SW Fifth Avenue, Suite 1250
Portland, Oregon 97204
Phone: 503-242-4263

Attorneys for Defendant



NOTICE TO EMPLOYEES

This notice has been posted pursuant to the settlement of a lawsuit: EEOC v. Pioneer Nursing Home Health District d/b/a Pioneer Place Assisted Living ("Pioneer"), District of Oregon Case No. CV-11-1130-SU. The settlement terms are contained in a document filed with the Court called a "Consent Decree." In accordance with the Consent Decree, Pioneer will provide anti-discrimination training to all employees; provide Pioneer's EEO policy to all employees; implement policies to ensure supervisor and manager accountability with regard to anti-discrimination practices; and report to the EEOC all complaints of disability discrimination or retaliation it receives from its employees for the next three years.

Federal law prohibits an employer from discriminating against any individual based on the individual's disability with respect to hiring, promotion, demotion, terms and conditions of employment and/or termination. Federal law also prohibits an employer from allowing any employee to be harassed because of age, race, color, sex, religion and national origin. It is also unlawful for an employer to retaliate against any individual because he or she complains of discrimination or harassment, cooperates with the investigation of a discrimination or harassment charge by Pioneer or a government agency, participates as a witness or potential witness in any investigation or legal proceeding or otherwise exercises his or her rights under the law.

Any employee who is found to have retaliated against any other employee because such employee participated in this lawsuit will be subject to substantial discipline, up to and including immediate discharge.

Should you have any complaints of discrimination or retaliation you should contact Karen Thompson, Business Manager at 541-473-3131 x301..

Employees also have the right to bring complaints of discrimination or harassment to the U.S. Equal Employment Opportunity Commission, Seattle Field Office at 909 1st Avenue, Suite 400, Seattle, WA 98104-1061, 206.220.6883, 1800.669.4000.

---

This notice shall remain prominently posted at all Pioneer facilities until May 2015. This Official Notice shall not be altered, defaced, covered or obstructed by any other material.

**EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION**
**Seattle Field Office**
**909 First Avenue, Suite 400**
**Seattle, Washington 98104-1061**
**Telephone: (206) 220-6883**
**Facsimile: (206) 220-6911**
**TDD: (206) 220-6882**

**[XXXXXXXX] ORDER APPROVING CONSENT DECREE**

The Court, having considered the foregoing stipulated agreement of the parties, HEREBY ORDERS THAT the Consent Decree be, and the same hereby is, approved as the final decree of this Court in full settlement of this action. This lawsuit is hereby dismissed with prejudice and without costs or attorneys' fees. The Court retains jurisdiction of this matter for purposes of enforcing the Consent Decree approved herein.

DATED this 23rd day of May, 2012.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
U.S. DISTRICT COURT JUDGE

Presented by:

THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

BY: *s/ William R. Tamayo*

WILLIAM R. TAMAYO
Attorneys for Plaintiff
San Francisco District Office
909 First Avenue, Ste. 400
Seattle, WA 98104

**EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION**
**Seattle Field Office**
**909 First Avenue, Suite 400**
**Seattle, Washington 98104-1061**
**Telephone: (206) 220-6883**
**Facsimile: (206) 220-6911**
**TDD: (206) 220-6882**